ANDREW MAST (CSBN 284070)
GABRIEL MARTINEZ (CSBN 275142)
MICHAEL RABKIN (ILRN 6293597)
ALBERT B. SAMBAT (CSBN 236472)
U.S. Department of Justice
Antitrust Division
450 Golden Gate Avenue
Box 36046, Room 10-0101
San Francisco, CA 94102
albert.sambat@usdoj.gov
Telephone: (415) 934-5300

Attorneys for the United States

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>KUO HSUAN "CHUCK" CHANG,<br><br>Defendant. | CASE NO. CR 13-00670 CRB<br><br>**UNITED STATES' SENTENCING MEMORANDUM AND MOTION FOR DOWNWARD DEPARTURE PURSUANT TO U.S.S.G. §5K1.1** |

The United States respectfully requests that this Court sentence defendant KUO HSUAN "CHUCK" CHANG to (1) serve eight months of custody, (2) serve three years of supervised release, and (3) pay a criminal fine of $3,000, a $100 special assessment, and $8,000 in restitution. This sentencing recommendation is based on the government's motion for a downward departure of 30 percent from the low end of the Guidelines range for substantial assistance and is consistent with the parties' plea agreement.

//

//

# BACKGROUND

Defendant Chang is charged with participating in a conspiracy to suppress and restrain competition by rigging bids to obtain selected properties offered at public auctions in San Francisco County from October 2009 through November 2010. Chang partnered with another coconspirator, Lydia Fong, to purchase properties at foreclosure auctions. Presentence Report ("PSR") ¶ 15. Chang learned of the bid-rigging conduct when he began attending the auctions in San Francisco and was told that he had to pay others not to bid or they would bid him to the point that the resale of the property would not be profitable. *Id.* Chang typically executed payoffs pursuant to bid-rigging agreements that his partner negotiated. PSR ¶ 16.

On October 9, 2013, Chang was charged by information with one count of bid rigging and one count of conspiracy to commit mail fraud in San Francisco County. Dkt. 1. On November 4, 2013, Chang pleaded guilty and began cooperating with the government's investigation. Dkt. 10. On October 11, 2017, by stipulation, Chang withdrew from his original plea agreement and entered a new plea agreement to bid-rigging charges only. Dkt. 38.

Chang's plea agreement reflects his participation in rigging 10 properties in San Francisco County, and a volume of commerce of $1,498,711. PSR ¶ 24. The volume of commerce does not reflect the bid-rigging agreements that Chang participated in for which he received payoff money. Chang received $8,000 in payoff money for agreeing not to bid on four properties.

# ARGUMENT

A.  Sentencing Guidelines Calculations

    1.  Criminal History

In Paragraph 12 of the plea agreement, the parties agree that Chang's Criminal History Category is determined by the Court. The PSR calculates Chang's Criminal History Category as I. PSR ¶ 36.

//

//

//

## 2. Offense Level

The PSR calculates the total offense level as 13, consistent with the plea agreement. PSR ¶ 31. This calculation includes a one-level increase to the base offense level of 12 for conduct involving the submission of non-competitive bids, a two-level increase for a volume of commerce exceeding $1 million, and a downward reduction of two levels for acceptance of responsibility. PSR ¶¶ 22-31. U.S. Sentencing Guidelines Manual ("U.S.S.G.") §§2R1.1(b)(1), 2R1.1(b)(2)(A), and 3E1.1(a) (U.S. Sentencing Comm'n 2016).

Under the Sentencing Guidelines, an offense level of 13 and Criminal History Category of I results in a sentence ranging from 12-18 months of imprisonment.

## 3. Fine and Restitution

The PSR calculates a fine range of $20,000 to $74,936, consistent with the plea agreement. PSR ¶ 69; U.S.S.G. §2R1.1(c)(1) (fine range shall be from one to five percent of the volume of commerce, but not less than $20,000). In the plea agreement, the government agreed to recommend a fine between $3,000 and $30,000. Dkt. 38. This fine range was initially agreed to by the parties in the original plea agreement, based on the application of the fraud Guidelines, and was carried over to the revised plea agreement. In conjunction with its custodial recommendation, the government recommends a $3,000 fine. The government also recommends restitution in the amount of $8,000, consistent with the plea agreement. *Id.*

**B. Basis for Downward Departure for Substantial Assistance**

Pursuant to Section 5K1.1 of the Guidelines, the government moves for a downward departure for substantial assistance to the investigation. The government recommends a 30 percent reduction from the low end of the Guidelines range of 12 months, resulting in a sentence of 8 months.

The timing, significance, nature, and extent of Chang's cooperation warrant a 30 percent reduction. Chang entered his original plea agreement pre-indictment on November 4, 2013, and immediately began cooperating in the investigation. His plea may have influenced the decisions of defendants who pleaded after him to also plead guilty and accept responsibility. Additionally, Chang provided a candid interview to the FBI where he reviewed documents and photographs

and provided corroborating information about the bid-rigging conduct between his partnership and other coconspirators on specific properties. Chang also made himself readily available to the prosecution team in the event he would be needed for further information or potential testimony.

For these reasons, a 30 percent downward departure for substantial assistance to the investigation and prosecution of these cases is appropriate.

### C.     Sentencing Recommendation

The government's recommendation of eight months is reasonable and not greater than necessary in light of the factors articulated in 18 U.S.C. § 3553.  The Court's sentence must reflect the seriousness of the offense, promote respect for the law, and afford adequate deterrence to future bid-rigging offenses and white-collar crime generally.

Given the magnitude of the financial harm caused by Chang's conduct, the government's recommendation, which includes a custodial term, is appropriate and consistent with the commentary in the applicable Guidelines.  The commentary makes clear that "prison terms for [Antitrust] offenders should be . . . common" and "alternatives such as community confinement [should] not be used to avoid imprisonment of antitrust offenders." U.S.S.G. §2R1.1, cmt. n. 5 & Background.  A fine alone—in the absence of a custodial term—would not serve as an adequate deterrent.  The foreclosure auctions were vulnerable to bid rigging, especially in the aftermath of the foreclosure crisis, when the auctions were flooded with investment opportunities.  Chang did not originate the conspiracy, but he joined in willingly.

The government's recommended sentence also adequately considers the history and characteristics of the defendant, including his early decision to accept responsibility, his willingness to pay restitution and cooperate in the investigation, and his minimal criminal history.

//
//
//
//
//

**CONCLUSION**

For the foregoing reasons, the United States respectfully requests that the Court grant the government's motion for a downward departure of 30 percent from the low end of the Guidelines range for substantial assistance and sentence defendant Chang to (1) serve eight months of custody, (2) serve three years of supervised release, and (3) pay a criminal fine of $3,000, a $100 special assessment, and $8,000 in restitution.

Dated: April 19, 2018               Respectfully submitted,

/s/
ALBERT B. SAMBAT
Trial Attorney
United States Department of Justice
Antitrust Division